CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHRISTINE CHEN (CABN 327581)
KEVIN YEH (CABN 314079)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Christine.Chen@usdoj.gov
Kevin.Yeh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CANKUN HE, HAILONG MA, YUXIANG WEI, JORDAN CANTIE, and ROBERT MAYNARD,<br><br>Defendant. | NO. 3:25-CR-00207-CRB<br><br>**GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT HE'S MOTIONS TO SUPPRESS (DKTS. 166, 170): MODIFIED ORDER**<br><br>Hon. Charles R. Breyer |

Despite his multiple representations to the Court objecting to exclusions of time, defense counsel Cankun HE waited months after discovery was received before filing two separate motions to suppress on July 15, 2025, that automatically toll the Speedy Trial clock. *See* Dkts. 166, 170. These motions are noticed for hearing on July 29, 2026. Dkts. 166, 170. Under Local Rule 47-2(d), the deadline for the government to respond to the motions to suppress is July 22, 2025.

Defendant HE opposes an extension of time for the government to respond to his motions to suppress, purportedly on the basis that an extension would be additional excludable time under the Speedy Trial Act, and he is opposed to any further delay in trial.

The government requests an extension of time to respond to HE's motions to suppress from July 22, 2025, to August 12, 2026, for good cause.

First, counsel for the government, AUSA Kevin Yeh, is currently in trial on a separate matter, which is expected to conclude on or about July 23, 2026—which is after the current deadline to respond. It would be overly burdensome for the government to review the motions to suppress, evaluate the basis for the motions, draft responses, and gather any supporting declarations in a week while one of the two attorneys for the government is in trial.[1] Relatedly, defense counsel waited months to file these motions to suppress. One motion to suppress concerns post-arrest custodial recordings that were produced on October 29, 2025. As for the other motion to suppress, which targets state search warrants, it appears that defense counsel was aware of the existence of the state search warrants since at least April 1, 2026, based on a review of correspondence with defense counsel, and the state search warrants themselves were produced on May 12, 2026.

Second, one of HE's motions to suppress concerns two recordings which were manually filed with the Court. *See* Dkt. 167 at 1. Defense counsel has not provided a copy of the manual filings to the government and only identified the Bates numbers today, July 16, 2026. In other words, the government did not have confirmation of exactly what HE is attempting to suppress, and one day's delay when the government only has a week to respond is significant.

Third, defense counsel's purported reason objecting to an extension of time based on the Speedy Trial Act is baseless. The Court has already excluded time through October 13, 2026. *See* Dkt. 99. Nor would the government's requested extended deadline require a delay in trial. As per the parties' stipulated pretrial deadlines, pretrial motions are not due until August 25, 2026, and responses are not due until September 8, 2026. *See* Dkt. 138. There is no prejudice to HE or the other defendants should the Court grant the government's motion for an extension of time.

---

[1] Defense counsel appears to have purposefully timed the filing of the motions to suppress to surprise the government while AUSA Yeh is trial. Defense counsel did not approach the government to discuss a briefing schedule for the motions to suppress, and the government received no notice of the motions before they were filed. Yet, counsel for the defense and counsel for the government have regularly done so in other cases. *See*, *e.g.*, *United States v. Daniels*, Case No. 3:24-CR-00035-JSC (N.D. Cal.), at Dkt. 37 (Stipulation with Proposed Order as to Elmo Vincent Daniels setting Briefing Schedule on Defendant's Motion to Suppress and Resetting Hearing to October 9, 2024, filed by Daniel Blank).

DATED: July 16, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
CHRISTINE CHEN
KEVIN YEH
Assistant United States Attorneys

## ~~[PROPOSED]~~ ORDER

Based upon the facts set forth in the government's motion for an extension of time to respond to Defendant HE's motions to suppress, and for good cause shown, IT IS HEREBY ORDERED that the deadline for the government to respond to Defendant HE's motions to suppress (Dkts. 166, 170) is extended to August 12, 2026, and the hearing on Defendant HE's motions to suppress is reset from July 29, 2026, to August 18, 2026 at 10:00 a.m.

IT IS SO ORDERED.

DATED: July 17, 2026

HON. CHARLES R. BREYER
Senior United States District Judge